IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-18-578 |
| | § | |
| O.S.T LOUNGE, *et al.* | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND OPINION GRANTING THE PLAINTIFF'S MOTION TO REMAND

The State of Texas sued O.S.T. Lounge in Texas state court, alleging that the Lounge is an unlicensed after-hours bar that sells alcohol without the required permits and that has been linked to repeated criminal activity and violence. The State assert claims for common nuisance under Chapter 101 of the Texas Alcoholic Beverage Code, for selling alcohol without the required licenses or permits, for common nuisance under Texas Civil Practice & Remedies Code §§ 125.001–125.047, and seeks injunctive relief.

O.S.T. Lounge removed, arguing that the State's claims are "predicated on the effect and interpretation of federal regulation," making federal-question jurisdiction proper. (Docket Entry No. 1 at 2). The State moves to remand, arguing that there is no federal question and no federal removal jurisdiction. (Docket Entry No. 3). The parties agree that the petition, on its face, asserts only state-law claims. (Docket Entry No. 3 at 2; Docket Entry No. 5 at 2). The issue is whether federal law preempts the state-law claims or whether the claims require the resolution of a substantial disputed question of federal law.

"Under th[e] 'well-pleaded complaint' rule, a federal court has original or removal jurisdiction only if a federal question appears on the face of the plaintiff's well-pleaded complaint;

1

generally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008). "Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Id.*

The "artful pleading doctrine" is a narrow exception that allows removal only "where state law is subject to complete preemption." *Id.* (citing *Terrebonne Homecare, Inc. v. SMA Health Place, Inc.*, 271 F.3d 186, 188–89 (5th Cir. 2001) ("The artful pleading doctrine does not apply, however, unless federal law completely preempts the field.")).

Complete preemption is present when a "federal statute 'so forcibly and completely displaces state law that the plaintiff's cause of action is either wholly federal or nothing at all.'" *Hoskins v. Bekins Van Lines*, 343 F.3d 769, 773 (5th Cir. 2003) (quoting *Carpenter v. Wichita Falls Ind. School Dist.*, 44 F.3d 362, 366 (5th Cir. 1995)). The Supreme Court recognizes complete preemption only in three areas: the Labor Management Relations Act, ERISA, and the National Bank Act. *See Ben. Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003). This case implicates none of those statutes, and complete preemption does not apply.

A second exception allows removal of "a case pleading only state law claims" if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Bernhard*, 523 F.3d at 551 (quoting *Franchise Tax Bd. v. Const. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)). "The federal courts have jurisdiction over a state law claim that 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities.'" *Id.* (quoting *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Willy v. Coastal Corp.*, 855 F.2d 1160, 1168 (5th Cir. 1988).

O.S.T. Lounge agues that the State's state-law claims "depend on the resolution of federal law" because those state laws "attempt to regulate in an area where there has been a history of significant federal presence." (Docket Entry No. 5 at 2). O.S.T. Lounge's argument conflates the two exceptions to the well-pleaded complaint rule. It argues that federal law preempts the State's claims and that resolving the claims requires the court to apply federal law, creating federal-question jurisdiction. The court disagrees.

A disputed federal issue creates federal-question jurisdiction in a case that otherwise raises only state-law claims when: "(1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Duane Morris LLP*, 538 F.3d 334, 338 (5th Cir. 2008). The issue is whether resolving the state-law claims presented in this case requires the court to resolve a substantial or disputed federal issue. O.S.T. Lounge appears to argue that, because the State seeks to: (1) restrain O.S.T.'s right to sell alcohol; (2) restrain O.S.T.'s right to allow others to consume alcohol; and (3) restrain O.S.T.'s right to advertise on the internet, federal statutes are implicated and substantial disputed federal issues must be decided. O.S.T.'s arguments are unpersuasive.

O.S.T. argues that Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45, is implicated. Section 5 states: "Unfair methods of competition in or affecting commerce, and unfair or deceptive acts or practices in or affecting commerce, are hereby declared unlawful." § 45(a)(1). O.S.T. Lounge argues that the fact that the Federal Trade Commission may regulate interstate commerce to address unfair competition or unfair or deceptive acts or practices preempts state alcohol laws. O.S.T. cites *Liquor Corp. v. Duffy*, 479 U.S. 335 (1987), and *California Retail Liquor Dealers Ass'n v. Midcal Aluminum*, 445 U.S. 97 (1980), which addressed whether wholesale and

retail pricing schemes for the sale and distribution of alcohol were inconsistent with federal antitrust law. By contrast, this case involves a single local establishment allegedly selling alcohol without the proper state licenses. There are no antitrust allegations, no challenges to an unlawful pricing scheme, and no indication that O.S.T. Lounge is engaged in the interstate sale or distribution of alcohol. Nothing implicates the Federal Trade Commission Act.

Second, O.S.T. Lounge argues that the State's attempt to restrain its rights to advertise is "explicitly preempted by the Commerce Clause." (Docket Entry No. 5 at 4). O.S.T. Lounge cites to *Capital Cities Cable v. Crisp*, 467 U.S. 691 (1984), *Jameson & Co. v. Morgenthau*, 307 U.S. 171 (1939), and *Dickerson v. Baily*, 87 F. Supp. 2d 691 (S.D. Tex. 2000). In *Crisp*, the Supreme Court addressed an Oklahoma law that banned using out-of-state signals to retransmit cable television advertisements for alcoholic beverages as part of local programming. The Court held that the extensive nature of the FCC regulatory scheme for commercial cable television preempted state and local regulations in the area and that the Oklahoma advertising ban directly conflicted with the federal regulations. *Id.* at 704. The Court also explained that while the Twenty First Amendment reserves to the states the power to "regulate the importation and use of intoxicating liquor within their borders," the federal government "plainly retains authority under the Commerce Clause to regulate interstate commerce in liquor." *Id.* at 712–13; *see also Dickerson*, 87 F. Supp. 2d at 693 (addressing whether a Texas statute prohibiting Texans from importing more than three gallons of wine for personal use without a special permit, unless the resident personally accompanied the liquor as it entered the state). This case does not implicate interstate alcohol sales or purchases that would require applying or interpreting federal law.

Finally, O.S.T. Lounge argues that the presumption against preemption does not apply in areas historically regulated by the federal government, such as the regulation of alcohol under the

Federal Alcohol Administration Act, 27 U.S.C. § 203. The purpose of that Act is to regulate the interstate distribution, production, and importation of alcohol. Section 121 of the Federal Alcohol Administration Acts explains:

> All fermented, distilled, or other intoxicating liquors or liquids transported into any State or Territory or remaining therein for use, consumption, sale or storage therein, shall upon arrival in such State or Territory be subject to the operation and effect of the laws of such State or Territory enacted in the exercise of its police powers, to the same extent and in the same manner as though such liquids or liquors had been produced in such State or Territory, and shall not be exempt therefrom by reason of being introduced therein in original packages or otherwise.

27 U.S.C. § 121. This section specifically reserves a state's ability to regulate alcohol within its borders and expressly states that federal law does not to preempt state laws regulating intrastate alcohol use, consumption, sale, or storage. *See also Craig v. Boren*, 429 U.S. 190, 205 (1976). Texas requires licenses to sell alcohol within the State under the Texas Alcoholic Beverage Code. Chapter 101 of the Code provides for injunctive relief against selling alcohol without the proper licenses or permits. An action under that provision neither implicates nor requires the resolution of a substantial question of federal law.

This case presents no federal question. The court lacks subject-matter jurisdiction, making remand proper. This case is remanded to the 11th Judicial District Court of Harris County, Texas.

SIGNED on April 23, 2018, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge